UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUYA RASOULZADEH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>REX TILLERSON, Sec., U.S. Department of State et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-2399-CAB-BGS<br><br>**ORDER RE MOTION TO DISMISS** |

This matter is before the Court on Defendants' motion to dismiss the complaint as moot. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. Because the motion and opposition raise disputed issues of fact, the motion is denied.

**I.　　Allegations in the Complaint**

In February 2016, Plaintiff Rouya Rasoulzadeh, a United States citizen, began the process of obtaining a visa for her fiancée, Afshin Fallahpour, an Iranian citizen, to immigrate to the United States. On October 26, 2016, Plaintiff and Fallahpour were interviewed by a consular officer at the United States embassy in Abu Dhabi. At the conclusion of the interview, the consular officer "told them that everything looked good and that Mr. Fallahpour's case would just have to complete routine administrative

1

processing before the visa could be issued," and that this would take no more than four months. [Doc. No. 1 ¶ 8.]

Over the course of the following year, Plaintiff contacted Defendants numerous times seeking an update on the status of Fallahpour's visa application, and enlisted Senator Kamala Harris's office to inquire as well. Defendants either did not respond to these inquiries or responded that the application was still undergoing administrative processing. On November 29, 2017, Plaintiff initiated this lawsuit with a complaint for mandamus, asking the Court to order Defendants to complete the administrative processing of Fallahpour's application, and, if he is not inadmissible to the United States, issue a visa without further delay.

Defendants move to dismiss the complaint as moot on the grounds that they have already denied Fallahpour's application.

**II.    Standard of Review**

Neither the motion nor the opposition identify any standards applicable to this review. However, because Defendants contend that the Court lacks subject matter jurisdiction on the ground of mootness, the motion appears to be made on under Federal Rule of Civil Procedure 12(b)(1). "A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). The moving party may "convert[ ] the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court. . . ." *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

A district court deciding a factual attack on jurisdiction "need not presume the truthfulness of the plaintiffs' allegations" and may "look beyond the complaint . . . without having to convert the motion into one for summary judgment." *White v. Lee,* 227 F.3d

1214, 1242 (9th Cir. 2000). Thus, "[o]nce the moving party has converted the [Rule 12(b)(1)] motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, 343 F.3d at 1039 n.2. However, when "the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987).

**III. Discussion**

Defendants make a factual attack on the complaint by offering an affidavit from a State Department employee that the Consular Consolidated Database ("CCD"), which contains visa application records, indicates that the consular officer in Abu Dhabi refused Fallahpour's visa application after the October 26, 2016 interview, and again on December 24, 2017, in accordance with Presidential Proclamation 9645. [Doc. No. 7-2.] According to Defendants, because Fallahpour's visa application has already been denied, Plaintiff's lawsuit, which only requests an order requiring Defendants to process the application, is moot.

Plaintiff, however, offers evidence that directly contradicts Defendants' assertion that Fallahpour's visa application has been denied. This evidence includes:

- A declaration from Plaintiff that the Abu Dhabi consular officer told Plaintiff and Fallahpour at the conclusion of the October 26, 2016 interview that the interview was successful and that the consulate just needed to perform routine administrative processing before issuing the visa. [Doc. No. 8-4.]
- A November 2, 2016 email from the Abu Dhabi embassy stating that the visa application was "still undergoing administrative review." [Doc. No. 8-5.]

3

17-CV-2399-CAB-BGS

- A November 17, 2017 letter from Kamala Harris, stating that the "U.S. Embassy of Abu Dhabi has informed me that Mr. Fallahpour's case is still undergoing administrative processing and cannot be expedited." [Doc. No. 8-6.]
- A screenshot from the Abu Dhabi consulate status check webpage dated February 9, 2018, stating that Fallahpour's visa application "is undergoing routine administrative processing." [Doc. No. 8-7.]
- A screenshot from the Consular Electronic Application Center Visa Application Status Check taken February 23, 2018, indicating that the case had been updated on February 5, 2018, and that Fallahpour's visa application was "currently undergoing necessary administrative processing." [Doc. No. 8-8.][1]
- A February 27, 2018 email from the Abu Dhabi embassy asking Fallahpour to submit a completed questionnaire to complete the processing of his visa. [Doc. No. 10-1.]

In their terse reply, Defendants do not address any of this evidence from Plaintiff. Instead, Defendants incorrectly contend that the opposition consists of arguments related to claims not contained in the complaint.[2] The opposition quite clearly argues that Plaintiff's evidence directly contradicts Defendants' assertion that Fallahpour's visa application was denied. Indeed, the opposition concludes by stating that: "the court has subject matter jurisdiction because this case remains a suit challenging administrative

---

[1] When the Court visited this webpage on March 21, 2018, the status was identical, except that it stated the case had been updated on February 27, 2018, instead of February 5, 2018.

[2] In a footnote, Defendants, without actually taking a position on the matter, suggest that the Court "might" consider whether Plaintiff has standing to sue. The Court has considered the issue and is satisfied that Plaintiff has standing. *See generally Hawaii v. Trump*, 878 F.3d 662, 680-81 (9th Cir. 2017), *cert. granted*, 138 S. Ct. 923 (2018); *Hawaii v. Trump*, 859 F.3d 741, 762-63 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 377 (2017) (holding that plaintiff had standing to challenge immigration order that interfered with his ability to reunite his mother-in-law with his family).

delay. Ms. Rasoulzadeh is not challenging a discretionary consular decision because the consulate has not yet made one." [Doc. No. 8 at 9.]

In sum, there is a dispute of fact as to whether Fallahpour's visa application has been denied or whether it is still undergoing administrative processing. The resolution of this dispute goes both to Plaintiff's entitlement to the relief she seeks and to this Court's jurisdiction. The Court "may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). These intertwined jurisdictional facts must be resolved by the trier of fact. *Rosales*, 824 F.2d at 803. Accordingly, the existence of a material dispute of fact as to whether Defendants have denied Fallahpour's visa application precludes dismissal at this time on the grounds that Plaintiff's claim is moot.

### IV. Conclusion

In light of the foregoing, Defendants' motion to dismiss is **DENIED**.

Dated: March 22, 2018

Hon. Cathy Ann Bencivengo
United States District Judge